| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| GARY DEAN MARTIN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:19-CV-21 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Gary Dean Martin, a federal inmate currently confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the motion be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes movant's objections are without merit. Movant has failed to explain the excessive delay in this case. The judgment sentencing movant to 130 months' imprisonment was signed on January 17, 2017 and entered on the criminal docket on January 18, 2017. On March 27, 2017, movant requested and was provided a copy of the

docket sheet in the criminal action. *See United States v. Martin*, No. 1:16cr19-2 at # 269 (E.D. Tex. 2017). The period in which to file an appeal had already expired at the time movant was provided the docket sheet in his criminal action. Accordingly, movant was aware no appeal had been filed when he received the docket sheet in early 2017. However, movant waited almost two years before he filed his motion to vacate, set aside or correct sentence. Further, on August 3, 2018, movant requested a copy of his indictment, plea agreement and the judgment. Movant, however, did not file the above-styled action until more than five additional months had passed.

The statutory limitations period is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); *United States v. Jackson*, 470 F. App'x 324 (5th Cir. 2012). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id.*, at 653. "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

Movant has failed to allege or demonstrate he diligently pursued his rights and could not have discovered his claims earlier due to some extraordinary circumstance. Neither proceeding *pro se*, having limited access to a law library, nor lacking knowledge of filing deadlines can serve as a basis for equitable tolling as they are not a "rare and exceptional" circumstance of prison life. *See Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000). A *pro se* prisoner's ignorance of the law of habeas corpus is likewise insufficient to invoke equitable tolling. *Alexander v. Cockrell*,

2

294 F.3d 626, 629 (5th Cir. 2002). Accordingly, equitable tolling is not warranted, and the motion to vacate is barred by limitations. Therefore, movant's objections should be overruled.

Furthermore, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying a motion under section 2255 may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

**ORDER**

Accordingly, Movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**Signed this date**
Jul 15, 2019

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE